[Civ. No. 6020.   Third Appellate District.—February 25, 1938.]

CITY OF ALTURAS (a Municipal Corporation), Petitioner, v. E. E. ELLIOTT, as City Clerk, etc., Respondent.

C. S. Baldwin, City Attorney, and Orrick, Dahlquist, Neff & Herrington for Petitioner.

Charles Lederer for Respondent.

PULLEN, P. J.—Pursuant to an act of the legislature, Statutes of 1909, page 1096, as amended in 1935, Statutes of

1935, page 2163, herein referred to as the Refunding Act of 1935, the city council of the City of Alturas called a special election for the purpose of submitting to the electors of that city the question of incurring a bonded indebtedness for the acquisition of certain municipal improvements, to wit: A general improvement fund to be used for the purpose of acquiring other general obligation bonds of the City of Alturas, or bonds issued by or for districts therein, · or bonds issued for street work or other public improvements or for ' the issuance of bonds secured by assessments levied for such improvements.

Pursuant to this ordinance and for the purposes expressly stated in the ordinance the electors authorized the city to issue general obligation bonds to acquire certain bonds of specified districts which were organized, and the bonds issued under and pursuant to the Statutes of 1925, page 849, and amendments thereto, and also provided for the acquisition of certain outstanding bonds issued under the Improvement Act of 1915.

Respondent, as city clerk, refused to countersign the foregoing bonds, and this writ is sought to compel him so to do. To this petition respondent demurred, asserting insufficiency of the facts to justify the relief sought.

No question is raised as to the legal compliance with any of the statutes. Respondent also concedes that the Refunding Act of 1935 is constitutional in so far as it authorizes bonds to be issued for the purpose of purchasing or acquiring bonds issued under the Improvement Act of 1915, inasmuch as that issue was determined in *City of Dunsmuir* v. *Porter*, 7 Cal. (2d) 269 [60 Pac. (2d) 836].

However, respondent contends that the Refunding Act of 1935 is unconstitutional in so far as it purports to authorize the acquisition of bonds issued under the Acquisition and Improvement Act of 1925, claiming that it violates the provisions of section 31 of article IV of the state Constitution in that it authorizes a gift of public money, and also violates the state and federal Constitutions as to impairment of contracts and due process clauses.

Section 1 of the Refunding Act, *supra,* specifically provides that every municipal corporation may incur a bonded indebtedness to acquire any bonds issued under the Improvement Act of 1915 and the Acquisition and Improvement Act of

1925. Similarly chapter 10, Statutes of 1935, enacted for the relief of certain assessment districts, authorized counties to issue general obligation bonds for the purchasing and acquiring of bonds, including bonds issued under the Acquisition and Improvement Act of 1925. This provision was attacked as unconstitutional in *County of San Diego* v. *Hammond*, 6 Cal. (2d) 709 [59 Pac. (2d) 478, 105 A. L. R. 1155], but the act was upheld on all grounds.

It would be of no value therefore to again review the authorities or cite reasons for the validity of the statute under attack, for a reference to *City of Dunsmuir* v. *Porter, supra; City of San Diego* v. *Hammond, supra; County of Los Angeles* v. *Jones*, 6 Cal. (2d) 695 [59 Pac. (2d) 489]; *City of Los Angeles* v. *Aldrich*, 8 Cal. (2d) 541 [66 Pac. (2d) 647], is determinative of all of the issues here raised.

Therefore let the writ issue as prayed for.

Thompson, J., and Plummer, J., concurred.